**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teimuraz Tsirekidze, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> Syntax–Brillian Corp., et al, <br><br> Defendants. | No. CV-07-2204-PHX-FJM (Lead) (Consolidated) <br><br> **ORDER** <br><br><br><br><br><br> **CONSOLIDATING** |
| Bloomfield, Inc., On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> Syntax–Brillian Corp., et al., <br><br> Defendants. | No. CV-08-0236-DGC |

The court has before it the city of New Haven Policemen and Firemen's Pension Fund's motion for consolidation, appointment as lead plaintiff, and approval of lead plaintiff's selection of lead counsel (doc. 52), supporting memorandum (doc. 53), and supporting affidavit of Michael Salcido (doc. 54).

We find these documents unusual and somewhat exasperating. In November and December of 2007, four securities fraud class actions were filed in this district against Syntax–Brillian Corp. and various of its officers. One of the actions was filed by the "Bogdanov Group."[1] Subsequently, five members of the proposed class, including the Bogdanov Group, filed motions to consolidate the four actions and for appointment as lead plaintiff. The Bogdanov Group contended that the investing history of one of its members made it uniquely qualified to serve as lead plaintiff. We specifically rejected that contention in our order of April 4, 2008, and granted the motions to consolidate the four actions and named as lead plaintiff St. Clair Shores Police and Fire Retirement System, as lead counsel Coughlin Stoia Geller Rudman & Robbins, LLP, and as liaison Buckley King.

While the consolidation and lead plaintiff motions were pending, one member of the Bogdanov Group filed a fifth class action against Syntax–Brillian Corp. in this district, under the caption Bloomfield Inc. v. Syntax–Brillian Corp.,[2] asserting a narrower version of the same claims advanced in the initial action by the Bogdanov Group. Now, lead plaintiff having been established, we are asked for the first time to consolidate the Bloomfield action with the other four and—for some mysterious reason—to appoint as lead plaintiff a different party also represented by Coughlin Stoia Geller Rudman & Robbins, LLP, and Buckley King.

It appears that the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (2006), which guided our previous selection of lead plaintiff, does not contemplate a motion for consolidation after lead plaintiff has been selected. Id. § 78u-4(a)(3)(B)(ii) ("[T]he court shall not make the [the selection of lead plaintiff] until after the decision on the motion to consolidate is rendered."). In any event, there is no need for dueling class actions, and we have decided that the new "Bloomfield" claims are essentially the same as those advanced in the previously consolidated "Bogdanov" action. We already have a lead plaintiff.

---

[1] That action is now docketed as CV-07-2524-PHX-FJM.

[2] CV-08-0236-DGC

1  Accordingly, **IT IS ORDERED** that the New Haven Policemen and Firemen's
2  Pension Fund's motion for consolidation is **GRANTED**, but the motion for appointment as
3  lead plaintiff and approval of lead plaintiff's selection of lead counsel is **DENIED** (doc. 52).
4  DATED this 3rd day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge